HONORABLE RICHARD A. JONES

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

UNITED STATES OF AMERICA,

   Plaintiff,

   v.

BRIAN H. JONES, SR.,

   Defendant.

CASE NO. CR15-199RAJ

ORDER

THIS MATTER comes before the Court on the United States of America's Motion in Limine to Preclude Evidence of Criminal Histories of Witnesses Beyond the Scope of FRE 609 (Dkt. # 59) and its Motion in Limine to Exclude Defense Exhibit 3, Power of Attorney (Dkt. # 60), and finally the Defendant's Supplemental Motions in Limine (Dkt. # 62).

A. **Government's Motion in Limine to Preclude Evidence of Criminal Histories**

Federal Rule of Evidence 609(a) ("Rule 609") provides that a witness' character for truthfulness can be attacked by evidence of a criminal conviction in certain circumstances. The evidence must be admitted for any criminal conviction, whether for a felony or a misdemeanor, that involves elements of dishonesty or a false statement. *See* Fed. R. Evid. 609(a)(2). Evidence of criminal convictions punishable by death or imprisonment by more than one year "must be admitted, subject to Rule 403,[1] in a civil

---

[1] Rule 403 provides that "[t]he court may exclude relevant evidence if its probative value is substantially outweighed by a danger of one or more of the following: unfair prejudice,

ORDER – 1

case or in a criminal case in which the witness is not a defendant." *Id.* 609(a)(1)(A). The Ninth Circuit has set forth five factors that the district court should evaluate in deciding whether to admit evidence under Rule 609(a)(1). *See United States v. Martinez-Martinez*, 369 F.3d 1076, 1088 (9th Cir. 2004) (citing *United States v. Cook*, 608 F.2d 1175, 1185 n.8 (9th Cir. 1979)); *see also United States v. Jimenez*, 214 F.3d 1095, 1098 (9th Cir. 2000). Those factors are: "(1) the impeachment value of the prior crime; (2) the temporal relationship between the conviction and the defendant's subsequent criminal history; (3) the similarity between the past and the charged crime; (4) the importance of defendant's testimony; and (5) the centrality of the credibility issue." *Martinez-Martinez*, 369 F.3d at 1088. Even when admitted, however, "[A]bsent exceptional circumstances, evidence of a prior conviction admitted for impeachment purposes may not include collateral details and circumstances attendant upon the conviction." *United States v. Osazuwa*, 564 F.3d 1169, 1175 (9th Cir. 2009) (quoting *United States v. Sine*, 493 F.3d 1021, 1036 n.14 (9th Cir. 2007)) (internal quotation marks omitted).

However, "if more than 10 years have passed since the witness's conviction or release from confinement for it, whichever is later," such "[e]vidence of the conviction is admissible only if" certain circumstances are met – particularly that "its probative value, supported by specific facts and circumstances, substantially outweighs its prejudicial effect." *Id.* 609(b); *see United States v. Gomez*, 772 F. Supp. 2d 1185, 1195 (C.D. Cal. 2011) (holding that "Rule 609(b) places a presumptive time limit on the admissibility of the prior conviction"). These convictions were intended to "be admitted very rarely and only in exceptional circumstances." *Simpson v. Thomas*, 528 F.3d 685, 690 (9th Cir. 2008) (quoting Fed. R. Evid. 609(b) advisory committee's note to 1974 Enactment).

The Government seeks to preclude introduction of the criminal histories of three witnesses: Robert Ramos, A.W., and James "Vinney" Martenay.

---

confusing the issues, misleading the jury, undue delay, wasting time, or needlessly presenting cumulative evidence."
ORDER – 2

*a. Robert Ramos*

Mr. Ramos has misdemeanor convictions dating back to 1997 and a single felony conviction in 1997. *See* Dkt. # 59 at 3. Only one conviction potentially involves a crime of dishonesty,[2] an 18 year old misdemeanor conviction for petty theft. *See id.* at 3-4. The sole felony conviction was for assault with a dangerous weapon not a firearm. *Id.* at 3.

The Court finds that, on balance, evidence of Mr. Ramos' prior convictions is not admissible. Mr. Ramos' misdemeanor convictions are not admissible under Rule 609(a)(1)(A) because they, by definition, were not punishable by death or imprisonment for more than a year. Moreover, evidence of the petty theft conviction is presumptively barred by Rule 609(b) because it is over 10 years old. There is little probative value to this evidence – an 18 year old misdemeanor conviction – to outweigh its substantial prejudice.

Additionally, the Government indicates that Defendant does not intend to introduce evidence of Mr. Ramos' prior felony conviction. *See* Dkt. # 59 at 4. However, even if Defendant did seek to do so, evidence of that conviction is also barred by Rule 609(b) because it is over 10 years old and the probative value of that conviction does not substantially outweigh its prejudicial effect. Evidence of that 18 year old conviction has little bearing on Mr. Ramos' truthfulness now.

Finally, the Court finds that Defendant cannot impeach Mr. Ramos based on evidence of convictions for crimes for obstruction and domestic violence violations. Evidence of those misdemeanor convictions cannot be admitted under Rule 609(a)(1)(A) because they are not punishable by death or by imprisonment for more than a year. Additionally, the danger of unfair prejudice stemming from the evidence of these past convictions strongly outweighs their probative value, meaning that such evidence is

---

[2] Several courts have held that a prior conviction for petty theft is admissible under Rule 609(a)(2) as involving dishonesty. *See United States v. Papia*, 560 F.2d 827, 846 n.13 (7th Cir. 1977) (citing cases).

ORDER – 3

excluded under Rule 403. The Government indicates that Mr. Ramos is testifying to Defendant's possession of a firearm, not to his assaults of A.W. and D.W. *See* Dkt. # 59 at 4. As a result, it is unclear what impeachment value this evidence may have. Moreover, the Government correctly argues that evidence of convictions for crimes similar to that which Defendant is charged with treads dangerously close to character or other act evidence barred under Rule 404.

Defendant is precluded from introducing evidence of Mr. Ramos' past convictions.

*b. A.W.*

A.W. has no prior felony convictions and has seven misdemeanor state convictions dating back to 1990. A.W. also has a tribal conviction in 2011 for domestic violence. *See* Dkt. # 59 at 5.

The Court agrees with the Government that A.W.'s prior misdemeanor state convictions are well outside the scope of admissibility under Rule 609(a)(1)(A) and 609(b) as they are over 10 years old and do not involve a crime of dishonesty. *See* Dkt. # 59 at 5. A.W.'s 2011 tribal conviction is likewise not admissible under Rule 609(a)(1)(A) because it is not a felony conviction or a crime that involves an element of dishonesty. To the extent that Defendant seeks to introduce this evidence to show that A.W. and D.W. "also had a relationship fraught with violence and threats" (Dkt. # 59 at 5) however, that also implicates the concern that such convictions "will be misused as character evidence" Rule 609 is aimed at avoiding (Fed. R. Evid. 609 advisory committee's notes to 1990 amendments). In any event, this evidence has little probative value and the improper inference likely to arise from such character evidence strongly weighs against admission.

Defendant is precluded from introducing evidence of A.W.'s past convictions.

ORDER – 4

### c. *James "Vinney" Martenay*

Finally, Mr. Martenay was convicted of several state misdemeanor violations. None of these convictions was for a crime of dishonesty or involving a false statement. *See* Dkt. # 59 at 6. In fact, Mr. Martenay's convictions are quite similar to A.W.'s. Consequently, none of these violations may be admitted under Rule 609(a). Moreover, given the attenuated nature of the convictions to Mr. Martenay's testimony, evidence of these prior convictions has little probative value. It is also unclear what impeachment value these prior convictions may have, given that Mr. Martenay is testifying as to Defendant's possession of a firearm. *See* Dkt. # 59 at 6.

Defendant is precluded from introducing evidence of Mr. Martenay's prior convictions.

For the foregoing reasons, the Court **GRANTS** the Government's Motion in Limine to preclude the Defendant's use of these witnesses' prior convictions. Dkt. # 59.

### B. <u>Government's Motion in Limine to Exclude Defense Exhibit 3, Power of Attorney</u>

The Government next seeks to exclude Defense Exhibit 211, referred to as "General Power of Attorney – Brian Jones – 2-10-15." Dkt. # 60. This document authorizes Mr. Ramos to act as power of attorney for Defendant. It is unclear for what purpose Defendant seeks to introduce this evidence.

The Government argues that the only purpose for which Defendant may seek to introduce this evidence is to elicit testimony from Mr. Ramos indicating that he abused his authority to permit others to take Defendant's belongings. *See* Dkt. # 60 at 2. If Defendant indeed seeks to cross-examine Mr. Ramos concerning Defendant's belief that Mr. Ramos conspired with others to steal from him, then that clearly is irrelevant and unrelated to Mr. Ramos' testimony regarding Defendant's possession of a firearm. *See* Fed. R. Evid. 401 (evidence is relevant if it is probative of a material fact). Moreover, to the extent that this evidence has any probative value, that value is far outweighed by the

ORDER – 5

danger of confusing the issues, wasting time, and misleading the jury. *See* Fed. R. Evid. 403.

The Court will therefore GRANT the Government's Motion and exclude Defendant's Exhibit 211 as irrelevant. Fed. R. Evid. 401 & 402. Additionally, the probative value, if any, of that evidence is far outweighed by the danger of confusing the issues, wasting time, and misleading the jury. Fed. R. Evid. 403.

### C. Defendant's Supplemental Motion in Limine

Defendant has also brought three supplemental motions *in limine*. Specifically, Defendant requests an order: (1) precluding the Government's witnesses Melissa Ebben and Shannon Lattee from providing expert opinion testimony, (2) precluding testimony from any of the medical providers who treated D.W. regarding D.W.'s statements identifying her assailant, and (3) to exclude the Government's Exhibits 75 and 76. *See* Dkt. # 62.

As to Defendant's first motion, the Government indicates that it will "advise its witnesses that they should factually describe D.W.'s physical condition and injuries without using such labels as an 'assault' or 'strangulation.'" Dkt. # 61 at 9. The Court will construe this as the Government's concession that they will not attempt to offer such expert opinion evidence from these witnesses. The Government's opposition to Defendant's motion clarifies that it will not seek to elicit causation opinion testimony. *See* Dkt. # 68 at 6. Given the Government's representation, the Court will **GRANT** the Defendant's motion.

Defendant's second motion – to preclude medical providers who treated D.W. from testifying regarding D.W.'s statements identifying her assailant – is **DENIED**. The Government correctly argues that such statements, although hearsay, fall under the hearsay exception embodied in Rule 803(4). The Court finds *United States v. George*, 960 F.2d 97, 99 (9th Cir. 1992) to be particularly instructive.

ORDER – 6

Under this exception, "hearsay statements are admissible when made for medical diagnosis or treatment." *United States v. JDT*, 762 F.3d 984, 1003 (9th Cir. 2014) (citing Fed. R. Evid. 803(4)). Here, the Government correctly notes that D.W.'s statements were made for the purpose of medical diagnosis or treatment. As was her practice, Nurse Ebben asked D.W. for a summary of events that led to D.W.'s seeking of medical care because it guided Nurse Ebben's medical examination and follow up care. *See* Dkt. # 61 at 2. In fact, Nurse Ebben's treatment included requesting a mental health therapist and a referral to a domestic violence crisis center. *See id.* at 3. Likewise, D.W.'s statements to Nurse Practitioner Lattee were made during treatment of her anxiety, depression, and lack of sleep and appetite. *See id.* NP Lattee's treatment of D.W. necessarily required an understanding of the source of D.W.'s stress and anxiety. These concerns were equally apparent when D.W. sought treatment from Nurse Ebben and NP Lattee in April 2015. *See id.* at 3-4.

As the Ninth Circuit has repeatedly made clear, when a victim identifies a perpetrator to a medical treatment provider, such statements may be admissible so long as the statement was made for medical diagnosis or treatment. *See JDT*, 762 F.3d at 1003. Just as with the victims' statements in *George* and *JDT*, D.W.'s statements here were made for the purpose of diagnosing and treating D.W. As the Ninth Circuit clarified in *George*, cases involving sexual abuse involve "more than physical injury; the physician must be attentive to treating the victim's emotional and psychological injuries, the exact nature and extent of which often depend on the identity of the abuser." *George*, 960 F.2d at 99 (citing *United States v. Renville*, 779 F.2d 430, 437 (8th Cir. 1985)). This Court believes that the same concerns arise in cases of domestic violence, as the Ninth Circuit has also recognized. *See United States v. Hall*, 419 F.3d 980, 987 (9th Cir. 2005). Nurse Ebben and NP Lattee could scarcely treat D.W. without knowing the nature and extent of both her physical and psychological injuries. Knowing the source of those injuries was of course relevant to diagnosis and treatment. Accordingly, the Court will **DENY**

ORDER – 7

Defendant's motion to preclude the Government's medical provider witnesses from testifying as to D.W.'s statements identifying her assailant.

Finally, the Court addresses Defendant's motion to exclude the Government's Exhibits 75 and 76.

Exhibit 75 appears to be a video of officers arresting the Defendant at his residence. In order to be relevant, evidence must be probative of a material fact. *See* Fed. R. Evid. 401. The Court cannot identify this exhibit's relevance to any count against the Defendant, and the Government apparently concedes that the video will not be presented in their case-in-chief. *See* Dkt. # 68 at 8. Accordingly, the Court will **GRANT** Defendant's motion with respect to this exhibit. The Government's Exhibit 75 is hereby excluded.

Exhibit 76 appears to be a video of D.W. in a police station interview room. The Government has clarified that it is not seeking to admit this exhibit under the excited utterance exception to the rule against hearsay. *See* Dkt. # 68 at 9. Instead, the Government seeks to admit the exhibit as a video without sound. *Id.* As to those portions of the video the Government does seek to admit with sound, the Government claims that these statements were made for medical diagnosis or treatment and are admissible under Rule 803(4).

### D. Conclusion

For the foregoing reasons, the Court:

1. **GRANTS** the Government's motion to preclude evidence of its witnesses' criminal histories;
2. **GRANTS** the Government's motion to exclude Defense Exhibit 211;
3. **GRANTS** the Defendant's motion to preclude Nurse Ebben and NP Lattee from offering expert opinion;
4. **DENIES** the Defendant's motion to preclude the Government's medical provider witnesses from testifying as to D.W.'s statements identifying her assailant;

ORDER – 8

5. **GRANTS** the Defendant's motion to exclude the Government's Exhibit 75; and
6. Defers ruling on Defendant's motion to exclude the Government's Exhibit 76 pending further questions regarding the Government's purpose in offering this evidence.

DATED this 17th day of January, 2016.

The Honorable Richard A. Jones
United States District Judge

ORDER – 9